IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEXCOM GULF DISPOSAL, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2789 |
| | § | |
| MONTGOMERY COUNTY, TEXAS, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Reconsideration [Doc. # 52] filed by Plaintiff TexCom Gulf Disposal LLC ("TexCom"), to which Defendants Montgomery County (the "County"), Alan Sadler, Mike Meador, Craig Doyal, James Noack, and Ed Rinehart[1] filed a Response [Doc. # 53], and Plaintiff filed a Reply [Doc. # 55]. Having reviewed the full record and applicable legal authorities, the Court **denies** Plaintiff's Motion for Reconsideration.

### I.  BACKGROUND

The allegations in TexCom's First Amended Complaint [Doc. # 28] are discussed fully in the Court's Memorandum and Order [Doc. # 47] granting

---

[1] Defendant Ed Chance's Motion to Adopt Defendants' Response [Doc. # 54] is **granted**.

Defendants' Motion to Dismiss. Briefly, TexCom is a wastewater injection company. In early 2005, TexCom acquired a 27-acre tract of land in Montgomery County, Texas, for the purpose of developing a wastewater injection well facility on the property.

In August 2005, TexCom applied to the Texas Commission on Environmental Quality ("TCEQ") for an Underground Injection Control ("UIC") permit to allow it to "re-complete the existing well" and to drill up to three future wells. *See* First Amended Complaint, ¶ 27. TexCom applied also for an Industrial Solid Waste ("ISW") permit to construct and operate a surface facility. The County expressed "very strong opposition to the issuance of this permit" to TexCom, stating that it had environmental and drinking water concerns about TexCom's proposed use of the property as a wastewater injection site. *See id.*, ¶ 34.

In January 2007, TexCom asked the TCEQ to refer the application to the State Office of Administrative Hearings for a hearing. In April 2007, the TCEQ referred the case as requested. In April 2011, over the County's objection and contrary to the recommendation of two Administrative Law Judges, TCEQ granted TexCom's applications for both the UIC and the ISW permits. The TCEQ imposed the special conditions that TexCom access the property from FM 3083, and that TexCom obtain

a permit from the Texas Department of Transportation ("TxDOT") for the new driveway at FM 3083.

In June 2011, TexCom applied to TxDOT for an access connection permit to build a driveway on its 27-acre property for access to and from FM 3083. In October 2011, TxDOT denied the application based on the spacing guidelines in its Access Management Manual.

In early December 2011, Montgomery County applied to obtain delegation of TxDOT's driveway access permitting authority.[2] TxDOT approved Montgomery County's application and delegated permit issuing authority to the County in January 2012.

In November 2012, TexCom acquired an adjacent 3.5 acres of land on FM 3083 in Montgomery County, increasing the size of its tract to 30.5 acres. TexCom admits that it purchased the property "to secure additional property with approved access on FM 3083." *See id.*, ¶ 81. The prior owner of the 3.5 acres, Bryan Poage, had recently obtained a driveway permit to construct a "Commercial access driveway" on his 3.5 acre property along FM 3083 (referred to herein as the "Poage Permit"). The Poage

---

[2] TxDOT Rule 11.56 allows a Texas city or county to request delegation from TxDOT of the "responsibility for issuing permits for access connection to state highways within [its] jurisdiction under a local access management plan when the [city or county] has the ability to issue permits." *See* 43 TEX. ADMIN. CODE § 11.56.

Permit, issued in September 2012, specifically stated that a new access driveway permit could be required "in the event of a material change in land use or change in driveway traffic volume or vehicle types." *See* Poage Permit [Doc. # 44], Exh. 2, ¶ 6.

In April 2013, TexCom applied to Montgomery County for a building permit to construct the surface facility pursuant to the ISW permit issued by the TCEQ. In response, the County Engineer advised TexCom that it needed to seek a new driveway permit. TexCom advised the County that it intended to rely on the driveway permit issued to Poage and, therefore, should not be required to obtain a new permit. *See id.*, ¶ 101. In July 2013, the County advised TexCom that the use of the Poage property driveway was a change that required a new driveway permit under the terms of the Poage Permit. At that time, TexCom did not submit a new driveway permit application.

Instead, TexCom filed this lawsuit in September 2013. On March 14, 2014, TexCom filed its First Amended Complaint, asserting under 42 U.S.C. § 1983 that Defendants violated its due process and equal protection rights. TexCom also asserted violations of the Texas Constitution and a state law claim for tortious interference with prospective contractual relations. Defendants filed Motions to Dismiss, which were granted by the Court in its Memorandum and Order entered June 27, 2014. TexCom filed a Motion for Reconsideration, seeking reconsideration of the dismissal of its

substantive due process and equal protection claims.  The Motion for Reconsideration has been fully briefed and is ripe for decision.

## II.     STANDARD FOR RECONSIDERATION

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment.  FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").  Reconsideration of a judgment is an "extraordinary remedy that should be used sparingly."  *Waites v. Lee County, Miss.*, 498 F. App'x 401, 404 (5th Cir. Nov. 26, 2012) (quoting *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).  Rule 59(e) serves the narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention.  *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."  *Balakrishnan v. Bd. of Supervisors of La. State Univ. & Agr. & Mech. Coll.*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quotation marks and citation omitted)).  A Rule 59(e) motion "cannot be used to argue a case under a new legal theory."  *Id.* (citing *Ross*, 426 F.3d at 763).

## III.    SUBSTANTIVE DUE PROCESS CLAIM

Plaintiff argues that the Court improperly made factual findings in connection with the Substantive Due Process Claim by deciding whether the proposed driveway would involve a change in traffic volume and vehicle type.  The Court did not make factual findings in its Memorandum and Order but, instead, determined only whether Plaintiff alleged a factual basis for its claims.  The Court was not required to decide, and did not decide, whether TexCom's proposed driveway would actually involve changes in traffic volume and vehicle type.  Instead, the Court determined only that Plaintiff in the First Amended Complaint did not allege factually that the County made decisions that were not rationally related to a legitimate governmental interest for purposes of a substantive due process analysis.  Plaintiff is not entitled to reconsideration based on the argument that the Court improperly made factual determinations when ruling on the Motion to Dismiss.

Plaintiff argues also that the Court applied an incorrect legal standard for the Substantive Due Process Claim.  Specifically, Plaintiff argues for the first time in its Motion for Reconsideration that the Court should evaluate the County's decisions as "adjudicative" rather than "legislative."  Contrary to Plaintiff's argument, the Fifth Circuit has not held that a permitting decision is "adjudicative."  *See Bush v. City of Gulfport*, 454 F. App'x 270, 276 (5th Cir. Nov. 15, 2011) (unpublished).  Indeed, in *Vineyard Investments, LLC v. City of Madison*, 440 F. App'x 310 (5th Cir. Sept. 2,

2011) (unpublished), a case relied upon by Plaintiff, the Fifth Circuit noted specifically that it was "[a]ssuming without deciding" that the permit decision was "considered adjudicative." *Id.* at 314. In *Simi Inv. Co., Inc. v. Harris County*, 236 F.3d 240 (5th Cir. 2000), the other case relied upon by Plaintiff, the Fifth Circuit applied the "'rational basis' test that governs substantive due process" to evaluate a substantive due process claim involving access to a public road. *Id.* at 249. The Fifth Circuit emphasized the "particularly odd factual situation" in the *Simi* case[3] and specifically limited its holding to "the type of blatant governmental interference with property rights" presented in that case. *Id.* The Fifth Circuit held that the true purpose of Harris County's denial of Simi's request for access "is irrelevant for rational basis analysis." *Id.* at 254 (quoting *FM Prop. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996)). Only when the plaintiff alleges facts that show particularly egregious or arbitrary government conduct is a substantive due process claim adequately alleged. *See City of Cuyahoga Falls v. Buckey Cmty. Hope Found.*, 538 U.S. 188, 198 (2003) (rejecting substantive due process claim involving refusal to

---

[3] In *Simi*, the landowner requested access to Fannin Street from its property. Harris County denied Simi's request for access, falsely claiming ownership of a nonexistent "county park" measuring five feet by 3,000 feet that blocked Simi's access from its property to Fannin Street. Although Harris County's decision financially benefitted a former Harris County Judge and President of the Houston Sports Association, the Court's decision focused on the absence of any articulated basis for Harris County's decision to deny Simi's request for access other than the existence of the thin strip of land incorrectly characterized as a "county park."

issue building permits); *Bush*, 454 F. App'x at 276-77 (noting minimal distinction between "legislative" and "adjudicative" analysis, and rejecting substantive due process claim that denial of building permit was motivated by Mayor's economic interest in the plaintiff's property and "his personal animosity towards them"). The Court's decision on TexCom's substantive due process claim was based on proper analysis, and reconsideration is denied.

### III. EQUAL PROTECTION CLAIM

Plaintiff argues that the Court imposed an "impossible standard" by requiring Plaintiff to identify comparators for purposes of the equal protection claim, and that the Court "overlooked viable allegations." The Court in its Memorandum and Order stated correctly that TexCom was required to allege that it was treated differently from others who are similarly situated and that "there was no rational basis for the disparate treatment." Memorandum and Order [Doc. # 47], p. 28; *see Stotter v. Univ. of Texas at San Antonio*, 508 F.3d 812, 824 (5th Cir. 2007) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). The Court properly required Plaintiff to allege a factual basis for its equal protection claim, and considered all allegations in the First Amended Complaint.

Plaintiff alleged generally and summarily that it had "been treated differently than any other landowners in Montgomery County without any rational basis." *See*

First Amended Complaint, ¶ 139.  As noted in the Court's Memorandum and Order, Plaintiff in the Equal Protection Claim identified only Poage as a landowner who was treated differently when his driveway permit application was granted while TexCom's was denied.  The Court noted that Plaintiff's allegations demonstrated that Poage was not similarly situated.

Plaintiff now argues that Crossroads Environmental Corporation ("Crossroads") and Huntsman Corporation ("Huntsman"), mentioned near the beginning of the factual background section, should be considered comparators.  The Court notes initially that Plaintiff in the First Amended Complaint did not identify these two companies as comparators for purposes of the Equal Protection Claim.  Moreover, the factual allegations demonstrate that they were not sufficiently similar and, indeed, were not treated differently. Crossroads applied to the Texas National Resources Conservation Commission ("TNRCC"), the TCEQ's predecessor, for a UIC Permit in 1993, and Huntsman applied for UIC Permits in 2001.  The TNRCC granted Crossroads' and Huntsman's permit applications, just as the TCEQ granted Plaintiff's application for a UIC Permit.  There is no allegation that either Crossroads or Huntsman applied for and received a driveway permit from Montgomery County.

The Court carefully considered all allegations in the First Amended Complaint and applied correct legal standards in connection with Plaintiff's Equal Protection Claim. As a result, reconsideration of the Court's ruling on this claim is denied.

## IV. CONCLUSION AND ORDER

The Court's prior ruling was based on consideration of all allegations in Plaintiff's First Amended Complaint and the documents referred to therein. The Court applied correct legal standards to both the substantive due process and equal protection claims. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 52] is **DENIED.**

SIGNED at Houston, Texas, this 9th day of **October, 2014**.

Nancy F. Atlas
United States District Judge